UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL SNYDER,<br><br>                      Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE. Commissioner of Social Security,<br><br>                      Defendant. | Case No. 3:13-cv-05075-BHS-KLS<br><br>REPORT AND RECOMMENDATION DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>Noted for March 1, 2013 |

     This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4.  This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g).  Because plaintiff's application indicates she has sufficient income with which to pay the $350.00 filing fee, the undersigned recommends that the court deny the application.

DISCUSSION

     The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  See 28 U.S.C. § 1915(a).  However, the Court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

     By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because she allegedly is unable to afford the costs necessary to proceed

REPORT AND RECOMMENDATION - 1

with her cause of action. In her application, plaintiff reports that her spouse earns $47,559.72. See ECF #1, p. 1.[1]  While the undersigned recognizes that plaintiff also has reported significant monthly expenses (see ECF #1, p. 2), given that the size of her spouse's income, and that there are no other persons who are dependent upon plaintiff for support (see id.), it is not unreasonable to expect her to pay the required filing fee.

### CONCLUSION

Because it is reasonable for plaintiff to incur the costs to proceed with this cause of action, the undersigned recommends that the court deny her application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the court order plaintiff to pay the required filing fee within thirty (30) days of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedures ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **March 1, 2013**, as noted in the caption.

DATED this 11th day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

---

[1] The application indicates this is the total amount of plaintiff's husband's net monthly salary, but it seems more likely instead that it is her husband's annual take home pay. See id.

REPORT AND RECOMMENDATION - 2